Bertha Poliakoff, Defendant in Error, v. Chicago Railways Company, Plaintiff in Error.

Gen. No. 15,845.

APPEALS AND ERRORS—*duty of Appellate Court to review evidence.* In actions on the case for personal injury it is the duty of the Appellate Court to consider and weigh the testimony.

Error to the Municipal Court of Chicago; the Hon. FREEMAN K.

BLAKE, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1909.    Reversed with finding of fact.    Opinion filed October 3, 1911.

JOHN A. ROSE and FRANK L. KRIETE, for plaintiff in error; W. W. GURLEY, of counsel.

A. W. FULTON and ROBERT S. COOK, for defendant in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

This is an action of the fourth class brought by defendant in error in the Municipal Court of Chicago to recover for injuries alleged to have been received while alighting from a street car of the defendant company.    A jury trial resulted in a verdict and judgment in favor of plaintiff for $450. Plaintiff in error seeks a reversal of the judgment below on two grounds: (1) That the verdict is against the weight of the evidence; and (2) that plaintiff's attorney indulged in improper argument, prejudicial to defendant.

The claim of plaintiff is based upon an injury received on June 29, 1908, while alighting from one of defendant's cars on West North avenue, near the corner of North Talman avenue, Chicago.    The fact that she was injured at the time and place in question is not controverted, but the conflict arises over the manner in which the accident occurred.

Defendant insists that plaintiff was guilty of contributory negligence, in that she got off the car while it was in motion, and against the warning of those in charge of it, while plaintiff claims that the car had stopped for her to alight, but, just as she was about to do so, it was wrongfully started. It becomes necessary, therefore, for us to consider the evidence upon this question, with a view of determining the right of plaintiff to recover.

The evidence on behalf of plaintiff as to the manner in which the accident occurred was limited to her own testimony.    She testified that, at about midnight on the night

in question, she was riding west on North Avenue, intending to get off at Talman avenue, and told the conductor that she desired to so get off, whereupon he stopped the car; that she had been sitting in a seat near the front of the car, the conductor being at the rear; that a lady and child had gotten off ahead of her; that the car stopped at the west side of Talman avenue, and that, as she put her foot on the running board to get down, and while still holding to the bar, but before she actually put her foot on the ground, the conductor began ringing the bell, the car started, and she fell off and was dragged.

On the other hand, six witnesses testified on behalf of the defendant as to the occurrence, and their testimony upon this point was directly contrary to that given by the plaintiff herself. They agreed when the car was in motion that the plaintiff actually jumped off, and that when this took place, the car was on the east side of Talman avenue, and the car was going west. Two of the witnesses, both apparently distinterested, testified that, when she stood up as if ready to jump off, the conductor warned her not to get off until the car stopped. It further appeared from the testimony for the defense that, when plaintiff was picked up after the accident, she was found lying on the east side of Talman avenue.

From the evidence, we conclude that the plaintiff, approaching Talman avenue, notified the conductor of her desire to get off at that street; that he rang the bell shortly before the street was reached, and that the car began to slow down, but that, for some reason, plaintiff, fearing that she was being carried past the point where she desired to alight, became excited and actually jumped off the car while it was in motion, notwithstanding the fact that the conductor called to her not to get off until the car stopped.

Of the six witnesses thus testifying for the defendant, three were employees of the defendant company, and counsel for plaintiff suggests that because of that fact their testimony was more favorable to the defendant than it should have been. If it be conceded that they were, because of their employment, to some extent interested for the defendant company, it is

not less the fact that the plaintiff herself is strongly interested in the outcome of the suit, and would, therefore, naturally be inclined to testify strongly in her own interests. We are not disposed to criticise the testimony of plaintiff, because of her direct pecuniary interest in the outcome of the suit, for she apparently testified to the facts as she believed them to be. However, the fact remains that her testimony is directly contradicted by the three employees of the railway company, whose direct interest in the outcome is apparently less than her own, and, in addition, by three other witnesses who were clearly disinterested.

That it is the duty of this court to consider and weigh the testimony in this kind of a case has been announced so many times that no authorities need be cited. In discharging this duty, we have carefully considered the entire testimony, and are forced to the conclusion that the verdict is clearly and manifestly against the weight of the evidence. This being so, we are not at liberty to let the judgment stand.

For the reasons given, the judgment will be reversed with a finding of fact.

*Reversed with finding of fact.*